# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-00560-TWP-MJD |
| ) | |
| JAMES J. SHADOAN, CHRISTINE A. CRAIG, ) | |
| and STATE OF INDIANA, DEPARTMENT OF ) | |
| REVENUE, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| CHRISTINE A. CRAIG and ) | |
| JAMES J. SHADOAN, ) | |
| ) | |
| Cross Claimants, ) | |
| ) | |
| v. ) | |
| ) | |
| STATE OF INDIANA, DEPARTMENT OF ) | |
| REVENUE, ) | |
| ) | |
| Cross Defendant. ) | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on Defendants James J. Shadoan's ("Shadoan") and Christine A. Craig's ("Craig") (collectively, "Defendants") Motion to Dismiss. (Filing No. 22.) Also pending before this Court is Plaintiff United States of America's ("United States") Motion for Leave to File Surreply (Filing No. 30), and Defendants' Motion to Strike Plaintiff's Surreply in Opposition to Motion to Dismiss or, in the Alternative, for Leave to Respond to Plaintiff's Surreply (Filing No. 33). The United States initiated this action against the Defendants and the Indiana Department of Revenue ("IDOR") based on several issues related to the Defendants' individual income taxes and refunds. The United States alleges or seeks the following: return of erroneous

refund under 26 U.S.C. § 7405 (Count I); reinstated liens against pre-bankruptcy property of Shadoan (Count II); reduce Shadoan's 2009-2013 liabilities for tax and interest to a judgment (Count III); and reduce Defendants' 2015 income tax liability to a judgment (Count IV). (Filing No. 1.) Defendants have moved to dismiss this case based on a lack of subject matter jurisdiction or because the United States failed to state claims upon which relief can be granted. For the following reasons, the Court **grants in part and denies in part** the Motion to Dismiss.

## I.     BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the United States as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Beginning in August 2011, a delegate from the Secretary of the Treasury made assessments against Shadoan for his individual tax liabilities for tax years 2009 through 2013[1]. (Filing No. 1 at 2.) The assessment for the 2013 tax year, was made on November 24, 2014. *Id.* at 3. After Shadoan failed to pay these assessments, federal tax liens arose in favor of the United States, pursuant to 26 U.S.C. §§ 6321 and 6322, attaching to all property and rights of property of Shadoan. *Id.* These liens include additional amounts for penalties and interest. *Id.* The United States recorded these federal tax liens with the County Recorder of Hamilton County, Indiana. *Id.* at 6-7.

Shadoan and Craig were married on May 31, 2013. *Id.* at 4. When filing their 2014 individual income taxes, the Defendants, after receiving extensions, filed married filing separately

---

[1] For the purposes of ruling on Defendants' Motion to Dismiss, the specific amounts of the assessments, including additional penalties and interest, are unnecessary and are not addressed in this opinion.

tax returns on October 15, 2015. *Id*. On June 5, 2018, Shadoan filed for Chapter 7 bankruptcy. *Id.* An order of discharge in the bankruptcy case was issued on September 15, 2018. *Id*.

On October 8, 2018, after receiving the bankruptcy discharge, the Defendants filed an amended 2014 individual income tax return (Form 1040X) selecting married filing jointly status. *Id.* The amended return sought a refund of $8,704, plus statutory interest. *Id*. On or before July 8, 2019, the Internal Revenue Service ("IRS") processed the return and determined that the total overpayment due was $10,567.84 (the "2014 Overpayment"). *Id.* at 5. Approximately one week later, the 2014 Overpayment was reduced by $8,494.37 to pay IDOR based on Shadoan's state income tax debts, pursuant to 26 U.S.C. § 6402(e). *Id.* The remaining $2,073.46 was refunded to Defendants on or shortly after July 8, 2019. *Id.* The IRS release of the Notice of Tax Lien on December 17, 2020 was erroneous, because liens on real property pass through a Chapter 7 bankruptcy undisturbed. *Id.* at 7.

The United States filed this lawsuit on March 9, 2021 seeking several things, including the return of the 2014 Overpayment from both Defendants and IDOR alleging the Defendants filed an untimely amended return. (Filing No. 1.) The United States also seeks a determination that the federal tax liens against Shadoan were validly reinstated and asks that the 2009-2013 income tax liabilities for Shadoan and the 2015 income tax liability for Defendants be reduced to judgments. *Id.* Defendants filed their Motion to Dismiss on May 19, 2021, asking this Court to dismiss all claims the Motion to Dismiss filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Filing No. 22.) Following the initial briefing, the United States requested leave to file a surrepply. (Filing No. 30.) After filing a response in opposition to the United States' motion, Defendants filed a Motion to Strike Plaintiff's Surreply or, in the Alternative, for Leave to Respond to Plaintiff's Surreply. (Filing No. 33.)

## II.     LEGAL STANDARDS

### A.     Motion to Dismiss under Rule 12(b)(1)

A motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(1) challenges the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction and all claims must fall within the limits defined in Article III, Section 2 of the U.S. Constitution and related statutes. *See, e.g.,* 28 U.S.C. §§ 1331-32, 1343, 1367. To survive a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing subject matter jurisdiction. *Ctr. for Dermatology & Skin Cancer, Ltd. V. Burwell¸* 770 F.3d 586, 588-89 (7th Cir. 2014). "The plaintiff has the burden of supporting the jurisdictional allegations of the complaint by competent proof." *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980). "In deciding whether the plaintiff has carried this burden, the court must look to the state of affairs as of the filing of the complaint; a justiciable controversy must have existed at that time." *Id.* When addressing a Rule 12(b)(1) challenge, the court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the [non-moving] party." *St John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)). Furthermore, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (citation and quotation marks omitted).

### B.     Motion to Dismiss Under Rule 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of a claim. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court accepts all well-pleaded factual allegations in the complaint as true and construes all reasonable inferences in the non-moving party's favor. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

### III.   DISCUSSION

Defendants move to dismiss the Complaint filed by the United States due to jurisdictional and other defects that preclude the relief sought. In addition to the Motion to Dismiss, the parties have each filed related motions before the Court: the United States moved for leave to file a surreply in opposition to Defendants' motion to dismiss (Filing No. 30), and Defendants moved to strike the United States' surreply or, in the alternative, for leave to respond to the surreply (Filing No. 33). The Court will address these two related motions before turning to the Motion to Dismiss.

**A.   Preliminary Motions**

    **1.   United States' Motion for Leave to File a Surreply**

The United States alleges that Defendants improperly submitted new arguments for the first time in their reply brief in support of their Motion to Dismiss, permitting them to file a surreply. (Filing No. 30.) "The purpose for having a motion, response and reply is to give the movant the final opportunity to be heard and to rebut the non-movant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Lady Di's Inc. v. Enhanced Servs. Billing, Inc.*, No. 1:09-cv-0340-SEB-DML, 2010 WL 1258052, at *2 (S.D.

Ind. Mar. 25, 2010) (quotation omitted). But "new arguments and evidence may not be raised for the first time in a reply brief. Reply briefs are for replying, not raising new arguments or arguments that could have been advanced in the opening brief." *Reis v. Robbins*, 4:14-cv-00063-RLY-TA, 2015 WL 846526, at *2 (S.D. Ind. Feb. 26, 2015) (quotation omitted). Courts allow a surreply only in limited circumstances to address new arguments or evidence raised in the reply brief or objections to the admissibility of evidence cited in the response. *See, e.g., id.*

The Court has reviewed the parties' briefing, including the United States' proposed surreply brief. In their reply brief, Defendants presented several new arguments and designated previously undisclosed pieces of evidence including the following: (1) Craig's June 23, 2021 filed IRS Form 8379 (Filing No. 29-3); (2) Shadoan's June 15, 2021 administrative appeal (Filing No. 29-2); (3) argument that Bankruptcy Rule 4004 required the United States to file an objection to discharge within 60 days of the first meeting of creditors (Filing No. 29 at 11); and (4) argument that the doctrine of laches requires Count III be dismissed (Filing No. 29 at 14). These are sufficient reasons to allow the United States' surreply brief.

The United States, however, further requests leave to respond to what it characterizes as "Shadoan's expanded argument" regarding 26 U.S.C. § 6013 and 26 C.F.R. § 301.6325-1. (Filing No. 30 at 4.) An "expanded argument" is not the same thing as a new one and is not grounds for leave to file a surreply. Therefore, the Court **grants in part and denies in part** the United States' Motion to File Surreply (Filing No. 30). The United States' proposed surreply brief submitted at Filing No. 30-1 is deemed filed as of the date of this Entry. However, the Court will not consider Sections Count I. A., on pages 2 through 5, or Count II. B., on pages 8 through 9, because they improperly respond to arguments within the reply brief.

### 2. Defendants' Motion to Strike Plaintiff's Surreply or, in the Alternative, For Leave to Respond to Plaintiff's Surreply

In addition to filing a response in partial opposition to the United States' Motion for Leave to File a Surreply (Filing No. 32), Defendants repeated identical arguments in their Motion to Strike (Filing No. 33). As detailed above, the Court was able to determine which arguments properly responded to new arguments and those that exceeded what is allowed. As the allowed portion of the United States' surreply only addresses new arguments presented by Defendants and includes no new designated evidence, the Court finds that Defendants' request to file a sur-surreply is unnecessary. Defendants' Motion to Strike or, in the Alternative, For Leave to Respond to Plaintiff's Surreply is **denied**.

### B. Motion to Dismiss

In their Motion to Dismiss, Defendants assert that this Court lacks subject matter jurisdiction to hear the United States' claims or that the United States has failed to plead sufficient factual allegations to state claims for relief. The Court will address each claim and the corresponding arguments in turn.

### 1. Count I – Erroneous Refund Under 26 U.S.C. § 7405

Defendants argue that 26 U.S.C. § 6013(b)(4) prevents the United States from seeking the return of the erroneous refund paid to Defendants. (Filing No. 23 at 9.) This portion of the Internal Revenue Code states the following:

> (4) **Additional time for assessment**. If a joint return is made under this subsection, the period of limitations provided in sections 6501 and 6502 on the making of assessments and the beginning of levy or a proceeding in court for collection shall with respect to such return include one year immediately after the date of the filing of such joint return (computed without regard to the provisions of paragraph (3)).

26 U.S.C. § 6013(b)(4). Plaintiffs contend that because they filed their amended 2014 tax return on October 8, 2018, the United States had until October 8, 2019 to initiate an action against them. (Filing No. 23 at 10.)

In response, the United States argues that Defendants are relying on the incorrect statute, and the appropriate statute is 26 U.S.C. § 7405. (Filing No. 27 at 7.) Section 7405 authorizes the United States to file civil actions to recover erroneous refunds. § 7405(b). The period of limitations on these actions, which is found in 26 U.S.C. § 6532(b), provides that a suit for recovery of an erroneous refund under section 7405 "shall be allowed only if such suit is begun within 2 years after the making of such refund . . . [or] within 5 years . . . of the refund if it appears that any part of the refund was induced by fraud or misrepresentation of a material fact." The United States asserts that, according to the Seventh Circuit, the date of refund is "the date when the check cleared the Federal Reserve and payment to the taxpayer was authorized by the Treasury." *U.S. v. Greene-Thapedi*, 398 F.3d 635, 639 (7th Cir. 2005). As the refund was made in July 2019, the United States argues that its March 9, 2021 complaint in this matter complies with the statute of limitations. (Filing No. 27 at 8.)

In reply, Defendants argue that § 6013 is the correct statute for calculating the statute of limitations. (Filing No. 29 at 5.) Defendants argue that § 6013 is the specific provision applying to "circumstances where spouses amend their married filing separate forms 1040 to refile them" married filing jointly. *Id.* Defendants emphasize that § 6013(b)(4) specifically includes the phrase "a proceeding in Court for collection" will be within one year of the filing of the amended returns. Because the United States filed its claim after October 8, 2019, its claim is barred. *Id.* at 6.

The Court agrees with the United States. In all their arguments in favor of § 6013(b)(4), Defendants provide no argument addressing or distinguishing the statutory authority given to the

8

government under 26 U.S.C. § 7405. Additionally, Defendants' reliance on § 6013(b)(4) is misplaced. Section 6013(b)(4) sets forth the time frame in which the United States can make an assessment and initiate a court proceeding to collect it. *See also* 26 U.S.C. §§ 6501, 6502. But in this case the United States is not seeking to make or collect an assessment. The United States is seeking the return of a refund it believes it erroneously issued. Thus, the time frame set forth in § 7405 is the applicable statute of limitations. Defendants' motion to dismiss Count I is **denied.**

### 2. Count II – Reinstated Liens Against Pre-Bankruptcy Property of Shadoan

Defendants next argue that this Court lacks jurisdiction to declare that the United States has properly reinstated its federal tax liens against the property of Shadoan. (Filing No. 23 at 11.) After Shadoan's bankruptcy discharge, the IRS released several Notices of Federal Tax Lien ("NFTLs") that it had previously recorded against Shadoan in Hamilton County, Indiana. (Filing No. 1 at 6-7.) Defendants contend that once Shadoan obtained his discharge, which included these tax liabilities, there were no longer any individual income tax liabilities that a reinstated federal tax lien could attach to. (Filing No. 23 at 12.) Defendants further assert that a certificate of release of lien conclusively establishes that a lien is extinguished, and a reinstated federal tax lien does not retroactively reinstate the previously filed federal tax lien. *See* 26 U.S.C. § 6325(f)(1)(A); 26 C.F.R. § 301.6325-1.

The United States responds by arguing that "[c]ourts routinely find that a bankruptcy discharge does not disturb valid, pre-petition federal tax liens." (Filing No. 27 at 11.) The United States points out that the IRS properly reinstated the erroneously released liens by filing revocation certificates. *Id.* Under 26 U.S.C. § 6325(f)(2), the IRS has authority to reinstate "erroneously or improvidently" released federal tax liens that arose under § 6321 "by mailing notice of revocation to the taxpayer and filing a notice of revocation in the same office in which the notice of federal

tax lien was filed." (Filing No. 27 at 12.) The United States contends that it followed this statutory process and filed the necessary revocation in Hamilton County, Indiana on March 1, 2021, (Filing No. 27-4), and then provided notice to Shadoan on March 5, 2021, (Filing No. 27-5). As reinstated liens, the United States asserts that they have reattached to Shadoan's pre-bankruptcy property. (Filing 27 at 12.)  Additionally, even if Shadoan's liabilities were discharged, the United States argues the liens still reattached to his property and rights to property as of the petition date that those were abandoned from property of the estate.  *Id.* at 13.  The United States contends that it may still enforce the liens "*in rem* by proceeding against the property itself under IRC § 7403." *Id.*

In reply, Defendants again assert that this Court lacks jurisdiction because Shadoan filed an administrative appeal to the NFTLs on June 15, 2021.  (Filing No. 29 at 7-8.)  Defendants argue that this administrative procedure must play out prior to the government bringing its claim as "[t]he requirement for exhaustion of administrative remedies runs both ways." *Id.* at 8.  Secondly, as of the date the federal tax liens were reinstated, "there was no legal possibility for them to be reinstated because the underlying assessed individual income tax liabilities had been discharged in [Shadoan's] Chapter 7 Bankruptcy Case." *Id.* at 9.  In support, Defendants cite to 26 U.S.C. § 6325(f)(2). *Id.* at 10. Defendants contend that one of the regulations interpreting this provision clearly states, "The reinstatement of a lien does not retroactively reinstate a previously filed notice of lien."  26 C.F.R. 301.6325-1(f).  This language, and the decision in *United States v. Winchell*, 793 F. Supp. 994 (D. Colo. 1992), "support the conclusion that a reinstated lien after a bankruptcy discharge has no retroactive effect on the previously liable taxpayer to resurrect a federal tax lien that was released after the underlying tax assessments had been discharged." (Filing No. 29 at 10.)

The Court is unpersuaded by Defendants' arguments. Despite receiving notice of the NFTLs on March 5, 2021, Shadoan did not file his administrative appeal until June 15, 2021.

10

([Filing No. 29-2](Filing No. 29-2).)  This was almost a full month *after* Defendants filed their Motion to Dismiss and just three days before the United States filed its response.  Defendants cannot now argue, for the first time in their reply brief, that subject matter jurisdiction does not exist when they intentionally created these circumstances *after* filing their Motion to Dismiss[2].

Additionally, 26 C.F.R. § 301.6325-1(f) and *Winchell* do not support Defendants' position. While both concern the reinstatement of liens, they do not support that a reinstated lien after a bankruptcy discharge has no retroactive effect.  Instead, both are concerned with the priority of a lien when it is reinstated.  The IRS regulation provides a specific example:

> Example. On March 1, 1967, an assessment of an unpaid Federal tax liability is made against A. On March 1, 1968, notice of the Federal tax lien, which arose at the time of assessment is filed. On April 1, 1968, A executes a bona fide mortgage on property belonging to him to B. On May 1, 1968, a certificate of release of the tax lien is erroneously issued and is filed by A in the same office in which the notice of lien was filed. On June 3, 1968, the lien is reinstated in accordance with the provisions of this subparagraph. On July 1, 1968, A executes a bona fide mortgage on property belonging to him to C. On August 1, 1968, a notice of the lien which was reinstated is properly filed in accordance with the provisions of § 301.6325(f)-1. The mortgages of both B and C will have priority over the rights of the United States with respect to the tax liability in question.

26 C.F.R. § 301.6325-1(f)(2)(iv).  This example does not demonstrate that the government's lien has no effect; it shows that the United States' lien, when properly reinstated, does reattach.  Priority was also the issue discussed in *Winchell*.  There, the government was seeking foreclosure on a piece of property in which it had erroneously filed a certificate of release and later filed a revocation. 793 F. Supp at 995.  The owners of the property at issue had acquired it from the original owner after the original tax lien was recorded but before the release was filed.  *Id.*  In granting summary judgment for the owners, the court found that because of the release, the owners'

---

[2] As the United States noted in its surreply, the administrative appeal is no longer pending as it was denied on June 30, 2021. (Filing No 30-1 at 6.)

11

interest in the property had become superior to the United States' interest. *Id.* at 998. The facts of *Winchell* are not applicable here.

As required when reviewing a motion to dismiss, the Court accepts the pleadings as true and draws all inferences in favor of the United States as the non-moving party. *Bielanski*, 550 F.3d at 633. The United States has adequately stated it followed the procedure of § 6325 and appropriately reinstated the federal tax liens against Shadoan's property and his rights to property. Further, no credible argument against this Court exercising jurisdiction has been made. Thus, Defendants' Motion to Dismiss Count II is **denied.**

    **3.**    **Count III – Reduce Shadoan's 2009-2013 Liabilities for Tax and Interest to a Judgment**

Defendants next argue that Shadoan's 2009 through 2013 income tax liabilities should not be reduced to a judgment as his bankruptcy discharge order prevents reinstatement of those tax liabilities. (Filing No. 23 at 13.) A discharge order was entered in Shadoan's bankruptcy case on September 15, 2018. *Id.* Defendants contend that this order extinguished all of Shadoan's individual income tax liabilities and, pursuant to 11 U.S.C. § 524(a)(2), there is a permanent injunction against collection of these debts. *Id.*

Defendants also argue that, to the extent the government seeks to revoke the discharge through allegations of fraud, the United States is prohibited from bringing its claim as it was required to do so in the bankruptcy court within a year of the discharge order. 11 U.S.C. § 727(e)(1). (Filing No. 23 at 15.) And even if the one-year period had not already expired, Defendants assert that the United States cannot qualify as a requesting creditor under § 727(d)(1) as it knew of the fraud allegations alleged in its Complaint before Shadoan's bankruptcy case and the entry of the discharge order. *Id.*

12

Finally, Defendants argue that even if the government were able to file a timely request for revocation, the statute of limitations for willfully attempting to defeat taxes has expired. *Id.* Under 26 U.S.C. § 6531, no individual will be prosecuted, tried, or punished "for the offense of willfully attempting in any manner to evade or defeat any tax or payment thereof" beyond a period of six years. Defendants assert that this statute of limitations has expired and, based on the fraud allegations in the Complaint, the United States can no longer bring its claims against Shadoan. ([Filing No. 23 at 15-16](#).)

The United States responds that it has not violated the discharge order or injunction by filing this case nor was it required to file a motion to revoke the discharge. ([Filing No. 27 at 15](#).) The United States argues that a general discharge injunction does not preclude a creditor, like the government, from collecting outstanding, pre-petition liabilities if those liabilities were excepted from discharge. *See In re Ellsworth*, 158 B.R. 856, 858 (M.D. Fla. 1993). Further, the United States contends that this Court may decide what claims were not discharged in bankruptcy based on an advisory committee note in the Federal Rules of Civil Procedure: "The issue whether a claim was excepted from discharge may be determined either in the court that entered the discharge or—in most instances—in another court with jurisdiction over the creditor's claim." Fed. R. Civ. P. 8 advisory committee's note (2010 Amendment).

The United States further argues that Defendants' statute of limitations theory fails as the government has not made allegations of fraud subject to 11 U.S.C. § 727. ([Filing No. 27 at 17](#).) According to the United States, § 727 refers to "fraudulent acts enabling the debtor to receive or procure a discharge such as lying on bankruptcy property schedules or testifying during the case or refusing to obey an order of the bankruptcy court." *Id.* Instead, its theory is that Shadoan, before his bankruptcy proceeding, attempted to evade or defeat payment of his taxes, thus

13

excepting his liabilities from discharge. *Id.*; *see also* Filing No. 1 at 7-9. The United States asserts that it is not required, under 11 U.S.C. § 523, to prove that Shadoan committed fraud, but rather that his actions were "willful." *See United States v. Clayton*, 468 B.R. 763, 771 (Bankr. M.D.N.C. 2012). To prove Shadoan's actions were "willful," the government must prove Shadoan (1) knew that he had a tax duty under the law, and (2) voluntarily and intentionally attempted to violate that duty. *In re Birkenstock*, 87 F.3d 947, 952 (7th Cir. 1996). The United States argues that the factual allegations in its Complaint support the necessary mental state and pattern of conduct excepting Shadoan's taxes from discharge under 11 U.S.C. § 523(a)(1)(C). (Filing No. 27 at 18.) Further, the United States contends that it was not required to file an adversary proceeding in the bankruptcy court within one year of the discharge order as "Congress has expressly limited [the] requirement that a creditor preserve a claim to a discharge exception by filing an adversary complaint to paragraphs (2), (4), and (6) of § 523(a)." *Id.* at 19 (citing 11 U.S.C. § 523(c)).

The United States lastly asserts that Defendants' argument that 26 U.S.C. § 6531 imposes a six-year statute of limitations is inapplicable in this case. *Id.* at 20. The United States contends that this criminal statute of limitations is irrelevant to the current civil suit seeking to reduce Shadoan's tax assessments to judgments. *Id.* As a civil suit, it has both a different burden of proof and a different statute of limitations. *Id.* at 20-21. The correct statute of limitations, according to the United States, is 26 U.S.C. § 6502, which imposes a 10-year statute of limitations from the date the tax was assessed. As Shadoan's earliest tax liability, from 2009, was assessed on August 22, 2011, the statute of limitations would at least run until August 22, 2021, not considering possible extensions created by Shadoan's bankruptcy or other events. (Filing No. 27 at 21.)

14

In reply, Defendants argue that 11 U.S.C. § 523 does not separate fraud and willful into two separate standards³. (Filing No. 29 at 12.) Citing to notes from the 1978 amendments to § 523, they assert that fraud was "a common element for non-dischargeability." *Id.* at 12-13. And even without relying on this earlier version, Defendants contend that the plain meaning of the included phrase "such tax" makes it clear that fraud is included both with filing a return or attempting to evade or defeat that tax. *Id.* at 13. Their position is that "fraudulent return" and "such tax" are inextricably linked. *Id.*

The Court agrees with the United States. At the motion to dismiss stage, the United States has stated a plausible claim for Shadoan's 2009 through 2013 tax liabilities being excepted from discharge. Additionally, Defendants' multiple statute of limitations arguments are unpersuasive. Defendants mischaracterize the United States' claim to limit it by various statutes of limitations. But the United States is not seeking to revoke Shadoan's discharge. Likewise, the United States is not asserting fraud allegations against Shadoan or bringing a criminal case against him. The United States bases its claim on Shadoan willfully attempting to evade or defeat payment of his taxes. (Filing No. 27 at 18.) And Defendants are incorrect that fraud and willful in 11 U.S.C. § 523 are one standard. *See In re Birkenstock*, 87 F.3d at 951 ("The Government has not claimed that the [defendants] have "made a fraudulent return"; rather, it has relied solely on the second portion of § 523(a)(1)(C). Thus, the question before us is whether . . . the [defendants] "willfully attempted

---

³ Defendants also set forth two new arguments for dismissal of Count III in their reply: (1) the government was required pursuant to Bankruptcy Rule 4004(c) to file an objection to discharge sixty days after the July 16, 2018 First Meeting of Creditors (Filing No. 29 at 11); and (2) because the underlying facts in the complaint were known to the IRS for years, the doctrine of laches applies and Count III should be dismissed. As the Seventh Circuit has made clear, arguments raised for the first time in a reply brief are waived. *See Thorncreek Apartments III, LLC v. Mick*, 886 F.3d 626, 636 (7th Cir. 2018) (citing *Darif v. Holder*, 739 F.3d 329, 336 (7th Cir. 2014)); *see also United States v. Waldrip*, 859 F.3d 446, 450 n.2 (7th Cir. 2017) ("Arguments raised for the first time in a reply brief are waived."); *Lawrence Power, LLC v. Lawrenceburg Mun. Utils.*, 410 F. Supp. 3d 943, 949 (S.D. Ind. 2019) ("New arguments and evidence may not be raised for the first time in a reply brief. Reply briefs are for replying, not raising new arguments or arguments that could have been advanced in the opening brief."). The Court, therefore, declines to discuss these newly raised arguments.

in any manner to evade or defat" their federal income tax liabilities."); *see also United States v. Helton*, 843 F. App'x 779, 780 (6th Cir. 2021).

As the United States has stated a sufficient claim and the Court has been presented no evidence to limit its jurisdiction, the Motion to Dismiss Count III is **denied**.

### 4. Count IV – Reduce Defendants' 2015 Income Tax Liability to Judgment

Finally, Defendants argue that Count IV is moot and should be dismissed as they have paid off their 2015 income tax liability. (Filing No. 23 at 16.) The United States agrees. (Filing No. 27 at 1.) Defendants' Motion to Dismiss Count IV is **granted**.

### IV.   CONCLUSION

For the reasons stated above, Defendants James J. Shadoan's and Christine A. Craig's Motion to Dismiss, (Filing No. 22), is **GRANTED in part and DENIED in part**. The United States may continue to pursue its claims under Counts I, II, and III. The only count dismissed, Count IV, was done based on Federal Rule of Civil Procedure 12(b)(1), thus the dismissal is without prejudice.[4] In addition, the United States' Motion for Leave to File Surreply (Filing No. 30) is **GRANTED in part and DENIED in part** and Defendants' Motion to Strike Plaintiff's Surreply or, in the Alternative, for Leave to Respond to Plaintiff's Surreply (Filing No. 33) is **DENIED**.

**SO ORDERED.**

Dated: 11/12/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

---

[4] A dismissal for lack of subject matter jurisdiction is not a decision on the merits and thus is without prejudice. *See Kowalski v. Boliker*, 893 F.3d 987, 994 (7th Cir. 2018) ("a dismissal for want of subject-matter jurisdiction is necessarily without prejudice").

16

DISTRIBUTION:

Jeffrey Nathan Nunez
US DEPARTMENT OF JUSTICE - TAX DIVISION
jeffrey.n.nunez@usdoj.gov

Samantha Suzanne Primeaux
U.S. DEPARTMENT OF JUSTICE - TAX DIVISION (Washington DC)
samantha.s.primeaux@usdoj.gov

James K. Gilday
GILDAY & ASSOCIATES PC
jgilday@gildaylegal.com

Kelly Earls
INDIANA ATTORNEY GENERAL'S OFFICE
kelly.earls@atg.in.gov

Robert Austin Rowlett
INDIANA ATTORNEY GENERAL'S OFFICE
Robert.Rowlett@atg.in.gov